ROBERT H. McCARTER, attorney-general, respondent,

*v.*

MILLVILLE GAS LIGHT COMPANY, appellant.

[Argued December 9th, 1907. Decided March 2d, 1908.]

On appeal from an order made by the former chancellor upon the advice of Vice-Chancellor Leaming, whose opinion is reported in *72 N. J. Eq. (2 Buch.) 767.*

*Mr. Louis H. Miller* and *Messrs. Gaskill & Gaskill,* for the appellant.

*Messrs. French & Richards,* for the respondent.

PER CURIAM.

Upon an information filed by the attorney-general on behalf of the state and on the relation of the township of Landis, in the county of Cumberland, supported by affidavits, a preliminary injunction was issued to restrain the defendant from digging up any of the streets or roads in the township of Landis, from laying any pipes or conduits in any of such streets or roads, and from using the pipes already laid in that township. By its charter (*P. L. 1857 p. 452*) the appellant was empowered to lay down gas pipes for lighting purposes in the "streets, alleys, lanes, avenues and public grounds of the town of Millville and its vicinity." At the time of the granting of this charter there was a village of Millville, situate within the township of Millville, which township included all the territory that is now comprised within the corporate limits of the city of Millville, the township of Landis and the borough of Vineland. By the act (*P. L. 1864 p. 180*) Landis township was set off from the township of Millville. By *P. L. 1866 p. 116,* the remaining portion of the township of Millville was incorporated as the city of Millville. In

1880 a portion of Landis township was incorporated as the borough of Vineland.

The contention of the appellant is that its franchise to lay down gas pipes in the streets, &c., of the "town of Millville and its vicinity," confers the right to lay its pipes in and along any and all the streets, highways and public places of the township of Millville as it existed in the year 1857; and, failing this, that nevertheless the appellant may at least extend its pipes and mains to the present hamlet of Cloverdale, in the township of Landis, distant about two miles from the centre of the city of Millville.

The court of chancery held that the words "town of Millville and its vicinity" as used in the charter, referred not to the entire township of Millville as it then existed, but to the village known as Millville, and its vicinity; and that no part of the township of Landis as it now exists can reasonably be treated as being in the vicinity of the village of Millville within the meaning of the charter of 1857.

The reasons that led the learned vice-chancellor to this view are expressed in two opinions previously delivered by him, upon which his decision herein was based. *Millville Gas Light Co.* v. *Vineland Light and Power Co.,* *72 N. J. Eq. (2 Buch.) 305,* and *Township of Landis* v. *Millville Gas Light Co.,* *72 N. J. Eq. (2 Buch.) 347.*

We agree with his views, and the order under review will therefore be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL—12.

*For reversal*—None.